**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARCIEL RODRIGUEZ, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MARTIN O'MALLEY, | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 23-2105 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    January 24, 2024

     Marciel Rodriguez ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of

the Social Security Administration Commissioner's ("the Commissioner") final decision, denying

her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Plaintiff

filed a brief supporting her request for review, and the Commissioner responded. For the reasons

set forth below, Plaintiff's Request for Review will be denied, and Judgment will be entered in

Defendant's favor and against Plaintiff.

### I.      PROCEDURAL HISTORY[1]

     On August 28, 2020, Plaintiff applied for DIB, alleging that his disability began on April

5, 2020. R. at 21. The Social Security Administration (SSA) initially denied Plaintiff's claim on

January 11, 2021, so she requested a hearing. *Id.* On December 7, 2021, Plaintiff appeared,

telephonically, before Administrative Law Judge Elana Hollo. *Id.* at 33. Plaintiff, represented by

an attorney and assisted by an interpreter, and vocational expert, Gary Young ("the VE"), testified

---

[1] This court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."), Defendant's Response to Request for Review of Plaintiff ("Def.'s Resp."), and the administrative record ("R.").

at the hearing.  *Id.* at 41-71.  On March 7, 2022, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision.  *Id.* at 26-41.  The Appeals Council denied Plaintiff's request for review on April 10, 2023, *id.* at 1-3, making the ALJ's findings the Commissioner's final determination.  Plaintiff sought judicial review from this court on June 1, 2023.  Both parties consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

## II.   FACTUAL BACKGROUND

A.   <u>Plaintiff's Personal History</u>

Plaintiff, born on April 12, 1968, R. at 31, was 53 years old when the ALJ rendered her decision.  She resides with her spouse.  *Id.* at 54.  Plaintiff's highest education level completed was ninth grade.  *Id.* at 61.  Plaintiff has previous work experience as a rubber production worker,

---

[2]   The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1.  If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. § 404.1520(b).
>
> 2.  If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. § 404.1520(c).
>
> 3.  If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. § 404.1520(d).
>
> 4.  If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. § 404.1520(f).
>
> 5.  The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience, in conjunction with criteria listed in Appendix 2, he is or is not disabled.  *See* 20 C.F.R. § 404.1520(g).

a semi-skilled,[3] medium[4] position.  *Id.* at 66.  She also worked as a wire harness assembler, a semi-skilled, light[5] position.  *Id.*  Finally, she has experience as a hand packager, an unskilled, light position as generally performed; however, Plaintiff actually performed this job at the medium level.  *Id.* at 66-67.

B.    Plaintiff's Testimony

At the March 7, 2022 hearing, Plaintiff testified regarding limitations that she alleges result from physical impairment and prevent full-time employment.  Plaintiff stated that she cannot use her arms or hands because of pain that primarily starts in her right shoulder.  R. at 47.  The pain in her hands is from to arthritis and carpal tunnel.  *Id.* at 42.  These ailments cause her difficulty picking up or grasping things such as a coffee cup or bottle of water.  *Id.* at 49. She is unable to lift a gallon of milk.  *Id.* at 51.  Plaintiff testified that the pain on the right side of her body precludes overhead reaching; brushing her hair is difficult.  *Id.*  The pain on Plaintiff's right side prevents her from standing for more than thirty to forty-five minutes.  *Id.* at 50.  The longest that she can sit in one position is approximately an hour; she can only walk for forty-five minutes.  *Id.*  Plaintiff receives physical therapy and injections to manage her pain.  *Id.* at 56.  She also suffers from anxiety and depression.  *Id.* at 52.

---

[3]  "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work.  A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hand or feet may be moved quickly to do repetitive tasks."  20 C.F.R. § 404.1568(b).

[4]  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

[5]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

Although she can drive generally, her spouse drives her.  *Id.* at 54.  The pain in her right side precludes household activities such as cooking, cleaning, shopping, and laundry.  *Id.* at 55. This pain also prevents her from cutting her food with a fork and knife.  *Id.* at 59.

C.    Vocational Expert's Testimony

The ALJ asked the VE to consider an individual of Plaintiff's age, education, and past work experience, who was limited to light work.  *Id.* at 67.  This individual, from a postural standpoint, can:

> occasionally climb ramps or stairs.  Never climb ladders, ropes, or scaffolds.  Frequently stoop, crouch, kneel, and crawl.  Could have [sic] only occasional push/pull with the right upper extremity, no overhead reaching with the right upper extremity, and only frequent handling, fingering, and feeling with the right upper extremity.  Would need to avoid concentrated exposure to extreme cold, wetness, vibrations, irritants such as fumes, odors, dust, and gases, poorly ventilated areas and exposure to chemicals, driving vehicles, unprotected heights, and moving machinery.  Could have only occasional interaction with supervisors, the general public, and with coworkers.  No work involving shared tasks with coworkers.  Would need to work in a low stress job defined as having only occasional decision-making and only occasional changes in the work setting.  And can perform unskilled, simple work of a routine, repetitive nature at a consistent pace, but not a production rate pace where each task must be completed within a strict time deadline.

*Id.* at 67.  The VE responded that, while none of Plaintiff's past work would be possible, she, nonetheless, could perform the following jobs at the unskilled[6] and light level: (1) housekeeping cleaner, 450,000 positions nationally; (2) inspector, 120,000 positions nationally; and (3) bench assembler, 96,000 positions nationally.  *Id.* at 68.  The subsequent hypothetical question presented

---

[6]  "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength.  For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed.  A person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

to the VE by the ALJ concerned the same individual if limited to sedentary[7] level work. *Id.* The VE responded that the hypothetical individual could not perform any previously identified jobs. *Id.*

### III.    THE ALJ'S FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2025.

2. [Plaintiff] has not engaged in substantial gainful activity since April 5, 2020, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. [Plaintiff] has the following severe impairments: degenerative disc disease of the cervical spine, right shoulder bursitis, depression, and anxiety (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of ramps or stairs; no climbing of ladders, ropes, or scaffolds; frequent stooping, crouching, kneeling, and crawling; occasional pushing and/or pulling with the right upper extremity; no overhead reaching with the right upper extremity; frequent handling, fingering, and feeling with the right upper extremity; avoid concentrated exposure to extreme cold, wetness, vibrations, irritants such as fumes, odors, dust, and gases, poor ventilated areas, chemicals, driving vehicles, unprotected heights, and moving machinery; and can perform unskilled, simple work of a routine, repetitive nature

---

[7] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

at a consistent pace, but not a production rate pace where each task must be completed within a strict time deadline; occasional interaction with supervisors, the general public, and co-workers with no work involving shared tasks with co-workers; and work in a low stress job, defined as having only occasional decision-making and only occasional changes in the work setting.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on April 12, 1968 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. [Plaintiff] has a limited education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [Plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569 and 404.1569a).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from April 5, 2020, through the date of this decision (20 CFR 404.1520(g)).

R. at 23-32.

## IV.    DISCUSSION

### A.    Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if substantial evidence supports them.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429,

431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

Overall, this test is deferential to the ALJ. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo*, might have reached a different conclusion. *Id.* Indeed, the court may not undertake a *de novo* review of the Commissioner's decision by reweighing the record evidence itself. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *Monsour Med. Ctr.*, 806 F.2d at 1190-91. Nor is the court permitted to "impose [its] own factual determinations." *Chandler*, 667 F.3d at 359. *See Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder."). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.     Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she cannot engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to

last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents returning to their past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that the impairment results in functional limitations to performing their past relevant work, then the burden of proof shifts to the Commissioner to prove that work exists in the national economy, which Plaintiff can perform given their age, education, work experience, and residual functional capacity. *See Poulos,* 474 F.3d at 92; *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ concluded that Plaintiff could not perform any of her past relevant work. R. at 31. However, she could perform other work in the national economy, since other suitable jobs exist in significant numbers. *Id.* at 32. These jobs included those identified by the VE: (1) housekeeping cleaner, (2) inspector, and (3) bench assembler. *Id.* at 68. The ALJ concluded that, based on Plaintiff's age, education, work experience, and residual functional capacity (RFC), she was not disabled from April 5, 2020, through the date of her decision, March 7, 2022. *Id.* at 32-33.

In her brief, Plaintiff argues that remand is warranted because the ALJ: (1) failed to include

in her RFC assessment all of Plaintiff's limitations in the use of her right upper extremity; and (2) failed to meet her step five burden, because substantial evidence supports a finding that no jobs exist that Plaintiff can perform. Pl.'s Br. at 1. The Commissioner denies Plaintiff's assertions and states that substantial evidence supports the ALJ's RFC. Def.'s Resp. at 6, 13.

1. The ALJ's RFC is Adequately Supported by Substantial Evidence

Plaintiff first argues that the ALJ failed to account for all the limitations of her upper right extremity, including the inability to reach in all directions and, in particular, overhead in her RFC assessment. Pl.'s Br. at 3. Specifically, she presents the opinion of physical therapist Todd Doerrman, which she claims the ALJ ignored, and which supports more significant limitations in the use of her upper right extremity. She then asserts that the opinions of Dr. Harold Einsig and Dr. Marielle Stone, which she claims the ALJ did not adequately consider, support greater limitation in her upper right extremity, related to the doctors' pain assessments. This court finds that the ALJ did not commit reversible error in failing to discuss the physical therapist's opinion explicitly. Additionally, she adequately addressed the opinions and pain assessments of Drs. Einsig and Stone. Substantial evidence supports the ALJ's RFC assessment, hence this court will not remand on that basis.

a. Opinion of Todd Doerrman, DPT

Plaintiff asserts that the opinion of Todd Doerrman, DPT, and states that this opinion recommends that she avoid reaching above the shoulder and restricts activities such as gripping or pinching with the upper right extremity. Pl.'s Br. at 4 (citing R. at 612). She faults the ALJ for failure to consider it. *Id.* at 4.

An ALJ "may properly accept some parts of the medical evidence and reject other parts, but she must consider all the evidence and give some reason for discounting the evidence she

rejects." *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994).  This is so that the "reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F2d 700, 707 (3d Cir. 1981).

The ALJ did not address physical therapist Doerrman's opinion.  This opinion was favorable to Plaintiff, hence, failure to consider it was error.  However, because the ALJ included her limitation on reaching overhead in her RFC assessment and the hypothetical, and because she more than adequately supported her assessment of Plaintiff's ability to grip, this court deems the omission harmless.

An error is "harmless" when, despite the technical correctness of a plaintiff's legal contention, there, nonetheless, remains "no set of facts" supporting entitlement to benefits.  *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting *Renchenski v. Williams*, 622 F.3d 315, 341 (3d Cir. 2010).  Stated differently, "remand is not required . . . [if] it would not affect the outcome of the case."  *Rutherford*, 399 F.3d at 553.  "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009); *see Woodson v. Comm'r of Soc. Sec.*, 661 F. App'x 762, 766 (3d Cir. 2016) (non-precedential) (citing *Shinseki*, 556 U.S. at 409) (stating a plaintiff must cite specific evidence demonstrating the claimed error caused harm).

First, the error here is harmless, because the ALJ incorporated the arm limitation at issue in her first hypothetical question, which required "no overhead reaching with the right upper extremity." R. at 67.  This restriction is supported by Dr. Marielle Stone's similar limitation, which the ALJ explicitly considered, limiting all overhead reaching, but permitting occasionally all other reaching.  R. at 29 (citing R. at 731).

Second, while the physical therapist, Doerrman, restricted gripping or pinching, the ALJ

cited or expressly referenced several other opinions to support her refusal of further limitations. This Circuit has stated that evidence is insubstantial if "it is overwhelmed by other evidence." *Wallace v. Sec'y of Health & Hum. Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983). Here, Dr. Marielle Stone, M.D., examined Plaintiff in November 2020, and allowed frequent handling, fingering, feeling, and pushing/pulling with the right upper extremity. *Id.* Dr. Einsig noted that Plaintiff had only slightly diminished right grip strength in January 2020, R. at 668-69, and mildly limited right grip strength in June 2020. R. at 696. The aspects of Doerrman's opinion upon which Plaintiff relies were explicitly addressed in the ALJ's opinion and in setting Plaintiff's RFC, hence, failure to mention Doerrman's opinion by name was harmless error, for which this court will not remand.

b. Opinions of Drs. Harold Einsig, M.D. and Marielle Stone, M.D.

Plaintiff complains that the ALJ inadequately considered Dr. Einsig's January 2020 report, which noted Plaintiff's complaints of pain and numbness in her upper right arm beginning in August 2019. Pl.'s Br. at 4-5. She also cites her own reports of continuous pain to Dr. Stone in November 2020, "rated between 7 to 9 out of 10, depending on medication use." *Id.* at 5 (citing R. at 720).

An ALJ is not required to discuss or reference every piece of relevant evidence in the record, so long as the decision's basis is discernible by the reviewing court. *See Fargnoli*, 247 F.3d at 42. Here, the ALJ considered Plaintiff's self-reported pain symptoms and found them to be not entirely consistent with the evidence. R. at 27. The ALJ acknowledges Plaintiff's notable pain symptoms, and cites Plaintiff's physical therapy records that indicate "ongoing pain in the right upper extremity and shoulder region." *Id.* at 28. The ALJ states, however, that Plaintiff's pain management treatment records through June 2020 showed lessened pain with injection therapy. *Id.* at 671-73, 679-713. Furthermore, she notes that Plaintiff has not received pain

management services since then.  *Id.* at 28.  The ALJ clearly reasoned and reconciled the evidence with Plaintiff's conflicting testimony.  *See Cotter*, 642 F2d at 704 (stating that an ALJ's decision "should be accompanied by a clear and satisfactory explication of the basis on which it rests").  The ALJ stated precisely which evidence and opinions were used to reach her decision.  Therefore, this court must reject Plaintiff's claim that the ALJ erred in this regard.  *See Fargnoli*, 247 F.3d at 38 ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.").

2.  The ALJ Properly Evaluated the Evidence, and Her Hypothetical to the VE Included All of Plaintiff's Established Limitations

Plaintiff argues that the ALJ erred in her step five finding because substantial evidence supports a finding that there are no occupations that Plaintiff can perform.[8]  Pl.'s Br. at 6.  More specifically, the ALJ did not adequately consider the opinion evidence of Dr. Stone in forming her hypothetical.  The Commissioner contends that the ALJ's hypothetical was appropriate as it included all of Plaintiff's limitations that are supported by the record.  Def.'s Resp. at 13.  Again, the ALJ adequately reconciled conflicting evidence in forming Plaintiff's RFC, hence substantial evidence supports her assessments, and the hypothetical accurately reflected all of Plaintiff's established limitations.  The VE's testimony, that there exist jobs in the national economy that Plaintiff can perform, in response to the ALJ's hypothetical, was, therefore, proper.  *See Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984) (stating that the VE's testimony may only be considered if the question accurately reflected the claimant's physical and mental impairments).  Accordingly, this court must also reject this claim that the ALJ erred.

---

[8]  Plaintiff appears to argue that not only is she unable to perform light work, but that she is unable to do any work, including sedentary work.  This is because, she alleges, the ALJ failed to adequately consider critical evidence in forming her RFC; therefore, the ALJ's RFC lacks substantial evidence to support it.  Pl.'s Br. at 6-7.

**V.    CONCLUSION**

A thorough review of the relevant law and the record indicates that substantial evidence supports the ALJ's decision; her failure to consider explicitly physical therapist Todd Doerrman's evidence was not reversible error.  Accordingly, Plaintiff's Request for Review is denied.  An implementing Order and Order of Judgment follow.